IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL TENILLE NORRIS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 3:18-cv-00750 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MURFREESBORO LEASED HOUSING ) | MAGISTRATE JUDGE NEWBERN |
| ASSOCIATES I, LP d/b/a CHARIOT ) | |
| POINTE APARTMENTS, et al., ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Correction of Clerical Error Pursuant to Rule 60.01 and Motion to Set for Hearing. (Doc. No. 32). Defendants filed a Response (Doc. No. 33) and Plaintiff filed a Reply (Doc. No. 34). For the following reasons, the Motion is GRANTED, in part, and DENIED, in part.

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed this action on August 10, 2018, bringing claims on behalf of herself and her minor child under 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act), 42 U.S.C. § 3601 et seq (the Fair Housing Act), and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47, 18-101 et seq., against Defendants Murfreesboro Leased Housing Associates I, LLP ("MLHA"), Chariot Pointe Apartments ("CPA") (referred to in the Complaint as MLHA d/b/a CPA), Dominium Management Services, Murfreesboro Housing Authority, and Volunteer Behavioral Health System. (Doc. No. 1). On August 15, 2018, the Court granted Plaintiff's application to proceed in forma pauperis and screened her original complaint under 28 U.S.C. § 1915(e)(2). (Doc. Nos. 6, 7). The Court allowed Plaintiff's Fair Housing Act Claims against MLHA and CPA to

proceed, but dismissed the claims brought on behalf of Plaintiff's child without prejudice, and dismissed all of Plaintiff's other claims for failure to state a claim on which relief could be granted. Two days later, before MLHA or CPA had been served, Norris filed an amended complaint. (Doc. No. 10).

The amended complaint asserts claims on behalf of herself and her minor child against MLHA, CPA, Dominium Management Services, Murfreesboro Housing Authority, and Volunteer Behavior Health System. (Doc. No. 10). It names as additional defendants: the City of Murfreesboro, the Rutherford County Sherriff's Department, and Mental Health Cooperative. (*Id*.).

MLHA and CPA moved to dismiss the Amended Complaint on September 25, 2018. (Doc. No. 15). Plaintiff did not respond to the motion to dismiss, despite being given ample time in which to do so. (*See* Doc. Nos. 19, 22). On July 9, 2019, the Magistrate Judge issued a Report and Recommendation (Doc. No. 23) recommending the Court grant the Motion to Dismiss on the grounds that the claims against MLHA and CPA are *res judicata*. (Doc. No. 15).

Plaintiff did not file objections to the Report and Recommendation within the required time period and, on August 5, 2019, the Court affirmed the Report and Recommendation and Granted Defendants' Motion to Dismiss. (Doc. No. 24). On August 8, 2019, Plaintiff filed Objections to the Report and Recommendation (Doc. No. 26) and a Motion for Default Judgment against MLHA and CPA (Doc. No. 29).[1] The Court denied Plaintiff's Motion for Default Judgment. (Doc. No. 31). On September 19, 2019, Plaintiff filed the instant Motion for Correction of Clerical Error and Motion to Set for Hearing. (Doc. No. 32).

---

[1] The Objections to the Report and Recommendation were filed late and were not considered by the Court in affirming the Report and Recommendation. Plaintiff did not move for an extension of time or provide any explanation, let alone good cause, for the late filing.

2

## II. ANALYSIS

**A. Objections to the Report and Recommendation**

Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge were not timely filed and, accordingly, were not considered by the Court in its August 5, 2019 Order that adopted the Report and Recommendation. However, even if the Court were to consider Plaintiff's late-filed objections, the Court finds the issues raised in the objections do not compel a different result.

Plaintiff objects to the Report and Recommendation on the following grounds: (1) the Court does not have subject matter jurisdiction to consider the amended complaint because it was not screened under 28 U.S.C. § 1915(e)(2); (2) Defendants filed a motion to dismiss the Amended Complaint before they were served and without filing an answer to the Amended Complaint; (3) the Magistrate Judge relied on the facts alleged in the Amended Complaint even though the Amended Complaint had not been screened under 28 U.S.C. § 1915(e)(2) and some of the facts stated in the Report and Recommendations are inconsistent with the state-court records; (4) claims brought on behalf of her minor child should not be dismissed without a valid and applicable legal citation; (5) the Magistrate Judge erroneously concluded Plaintiffs claims against MLHA and CPA are related to the claims in the state-court proceedings; and (6) Plaintiffs claims of violation of Section 504 of the Rehabilitation Act of 1973 are valid.

1. <u>Procedural Objections</u>

Plaintiff's objections regarding the procedural posture of the case are without merit. The Court is required to screen complaints filed in forma pauperis under 28 U.S.C. § 1915(e)(2), and dismiss claims that are frivolous, malicious, or otherwise fail to state a claim. Screening is

3

procedural, not jurisdictional. Failure to screen a complaint does not deprive the Court of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff's suggestion that the Magistrate Judge should not have considered Defendants' Motion to Dismiss because they had not been served or responded to the amended complaint is also misguided. Insufficient service of process is a defense that may be raised or waived by a defendant. Fed. R. Civ. P. 4(d) and 12(b)(5) and 12(h). A defendant is not required to answer the complaint before filing the motion to dismiss. In fact, the Federal Rules of Civil Procedure allow that a defendant may file a motion to dismiss asserting any of the grounds listed in Rule 12 before serving an answer and the filing of such a motion alters the time period for filing an answer, in the event that the motion is denied. Fed. R. Civ. P. 12(a)(4). Accordingly, MLHA and CPA were not required to file and answer until after the Court decided the motion to dismiss. Because the Court decided the motion to dismiss in their favor and dismissed all claims against them, they were not obligated to answer the Amended Complaint.

2. *Pro Se* Claims Brought on Behalf of Minor Child

While 28 U.S.C. § 1654 permits individual parties to "plead and conduct their own cases personally," without an attorney, this provision does not authorize a non-attorney to bring suit on behalf of a third person. *See Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013) (adopting report & recommendation) ("The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only on his own claims; only a licensed attorney may represent other persons."). Thus, while a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se*—that is, the parent can only bring suit on behalf of the minor child through an attorney. *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.

4

2002) ("[P]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative.").

Accordingly, Plaintiff's claims brought on behalf of her minor child without an attorney were properly dismissed without prejudice.

    3. <u>Plaintiffs Claims Against MLHA and CPA Are Res Judicata</u>

Plaintiff contends that the Magistrate Judge erred in finding the state court proceedings were final and adjudicated on the merits. Plaintiff contends the state court proceeding was not adjudicated on the merits because the state trial court failed to address her affirmative defenses at the trial and failed to provide any citation to support denying a jury trial. Plaintiff argues that the Order issued by the Circuit Court was not "final on the merits" because she filed a notice of appeal and the appellate court had not received the record on appeal at the time this case was filed. Plaintiff also argues that the claims in this case include "brand new, never pled claims including claims under the Tennessee Consumer Protection Act, and additional Defendants."

Res judicata applies where a final judgment on the merits bars further claims by the parties based on the same cause of action. *United States ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). When a defense of res judicata is based on a prior state judgment, federal courts apply the law of the state in which the judgment was rendered. *Holbrook v. Shelter Ins. Co.*, 186 F. App'x 618, 620 (6th Cir. 2006). "When evaluating whether a state-court judgment bars further claims in a federal forum, federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Sheldon*, 816 F.3d at 414.

In Tennessee, "[t]he doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could

5

have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citations omitted). The Tennessee Supreme Court has explained that "[t]he primary purposes of the doctrine are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, 281 S.W. 3d 363, 376 (Tenn. 2009).

To assert a defense of res judicata based on a Tennessee judgment, a defendant must show that "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998) (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1980)). "The doctrine of res judicata only requires that there be a full and fair *opportunity* to litigate all issues arising out of the claim, however, every applicable issue need not be actually litigated in order for res judicata to apply." *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006). Two suits are deemed the "same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009) (citations omitted).

The Court has examined the facts pleaded in the Amended Complaint and the relevant state court records and concludes that the claims in this case arise out of the same operative facts as the claims litigated in state court. The Circuit Court entered judgment on the merits of those claims on May 17, 2018, and the Court of Appeals dismissed Plaintiff's appeal on January 16, 2019. *See Norris v. Chariot Pointe*, Case No. 73374 (Circuit Ct. of Rutherford Cty., Tenn. May 17. 2018); *appeal dismissed*, Case No. M2018-00908-COA-R3-CV (Tenn. Ct. App. Jan 16, 2019).

6

For the reasons stated, Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge (Doc. No. 26) are overruled.

**B. Motion to Correct Clerical Mistake Under Fed. R. Civ. P. 60(a)**

Under Fed. R. Civ. P. 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission, including inadvertent omissions from the record." *Consolidated Ins. Co. v. Damron Trucking, Inc*., No. 1:13-cv-00027, 2014 WL 935306, at * 2 (M.D. Tenn. Mar. 10, 2014) (quoting *Mutchler v. Dunlap Mem. Hosp.,* No. 5:05–cv–883, 2006 WL 2850458, at *1 (N.D. Ohio Oct. 2, 2006)). Rule 60(a) only applies to clerical errors, rather than revisiting substantive judgments. *Id.*

Plaintiff has identified a clerical error that merits correction. The Order Denying Motion for Default Judgment (Doc. No. 31) contains a typographical error on page 1, which should be corrected to state the name of the proper defendants.

However, Plaintiff seeks primarily for the Court to reconsider the Order dismissing the claims against MLHA and CPA on the grounds that the motion to dismiss was untimely filed before the Amended Complaint had been screened, Defendants had been served, and Defendants had responded to the Complaint. Plaintiff argues the Court's consideration of the Defendants' Motion to Dismiss before all of these things had taken place, was improper. These arguments regarding the procedural posture of the case do not address a clerical mistake that may be corrected through Fed. R. Civ. P. 60(a) but have been addressed above with regard to the Court's discussion of Plaintiff's Objections to the Report and Recommendation.

Plaintiff's argument that she did not consent to the jurisdiction of the Magistrate Judge is also not a clerical error that can be corrected through Fed. R. Civ. P. 60(a).  Moreover, this order was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(A) and (B) which allows a judge to designate a magistrate judge to determine pretrial matters and to submit to the judge proposed findings of fact and proposed recommendations for the disposition of dispositive motions.  Unlike 28 U.S.C. § 636(c), this designation does not require consent of the parties.

Accordingly, Plaintiff's Motion to Correct Clerical Mistake is granted with regard to the typographical error in the Order Denying Motion for Default Judgment (Doc. No. 31), and denied as to the other issues raised.

### III.    CONCLUSION

For the reasons stated, the Motion to Correct Clerical Mistake and Motion to Set for Hearing (Doc. No. 32) is **GRANTED** in part, and **DENIED** in part.  The request for a hearing is **DENIED**.

Accordingly, the Order Denying Motion for Default Judgment (Doc. No. 31) shall be corrected to state: "Pending is Plaintiff April Tenille Norris's Motion for Entry of Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) as to Defendants Murfreesboro Leased Housing Associates I, LP d/b/a Chariot Pointe Apartments. (Doc. No. 27)."  The remainder of the Order is unchanged.  The correction of the typographical error does not change the effect of the Order Denying Default Judgment.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE