UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| APRIL TENILLE NORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>MURFREESBORO LEASED HOUSING ASSOCIATES I, LLLP d/b/a CHARIOT POINTE APARTMENTS et al.,<br><br>    Defendants. | Case No. 3:18-cv-00750<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:    The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

The docket in this action shows that pro se Plaintiff April Tenille Norris, who proceeds *in forma pauperis*, has not returned a service packet for Defendant Murfreesboro Housing Authority (MHA), the only remaining defendant in this action. On March 29, 2021, the Court ordered Norris to show cause by April 15, 2021, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m) and warned Norris that failure to respond could result in a recommendation of dismissal. (Doc. No. 41.) Norris has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.    Factual and Procedural Background**

Norris filed this action on August 10, 2018, bringing claims on behalf of herself and her minor daughter against MHA and several other defendants under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Fair Housing Act, 42 U.S.C. § 3601 et seq., and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq. (Doc. No. 1.) The Court granted Norris's

application to proceed *in forma pauperis* and screened her complaint under 28 U.S.C. § 1915(e)(2). (Doc. Nos. 6, 7.) The Court dismissed Norris's and her daughter's claims against MHA and two other defendants for failure to state a claim on which relief could be granted and because Norris could not bring claims on her child's behalf without an attorney, but allowed Norris's Fair Housing Act discrimination claim against one other defendant to go forward. (Doc. Nos. 6, 7.) Two days later, Norris filed an amended complaint and a motion to appoint counsel. (Doc. Nos. 9, 10.)

The Court denied Norris's motion to appoint counsel (Doc. No. 19) and granted two other defendants' motion to dismiss the claims against them in Norris's amended complaint (Doc. Nos. 23, 24, 36.) On October 26, 2020, the Court screened the remaining claims in Norris's amended complaint under 28 U.S.C. § 1915(e)(2), found that Norris had stated colorable claims against MHA under Title II of the Americans with Disabilities Act and the Due Process Clause of the Fourteenth Amendment, and dismissed all other claims and defendants. (Doc. No. 37.) The Court sent Norris a blank service packet for MHA and ordered her to complete and return the service packet by November 16, 2020. (Doc. No. 38.) Norris did not do so, and a copy of the Court's order mailed to Norris's address was returned as undeliverable on January 8, 2021. (Doc. No. 39.) On February 17, 2021, the Clerk of Court updated Norris's mailing address and resent the Court's October 26, 2020 order to Norris's new address.

On March 29, 2021, the Court found that Norris still had not returned a completed service packet for MHA and ordered her to show cause by April 15, 2021, why the Magistrate Judge should not recommend that the remaining claims in this action be dismissed under Rule 4(m) for Norris's failure to effect service on MHA. (Doc. No. 41.) The Court ordered Norris to return a completed service packet for MHA with her response to the show-cause order and warned her that

failure to comply with the show-cause order would likely result in a recommendation that her claims be dismissed. (*Id.*) Norris has not responded to the Court's show-cause order.

**II.      Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United*

*States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.    Analysis**

More than 150 days have passed since the Court ordered Norris to return a completed service packet for MHA, and MHA has not been served and has not appeared in this action. The Court gave Norris ample opportunity to return a service packet for MHA and issued a show-cause order providing her with an opportunity to explain why the Court should extend the time for service rather than dismiss her claims. (Doc. No. 41.) Norris did not respond.

The fact that Norris appears pro se does not excuse her failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn. Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Norris has not returned a completed service packet for MHA in compliance with this Court's orders despite ample time to do so, notice that failure may result in dismissal, and an opportunity to show good cause to excuse her failure, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.    Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of April, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge